840 So.2d 365 (2003)
Boonnuang P. KALOF, Appellant,
v.
Gregory E. KALOF, Appellee.
No. 3D02-29.
District Court of Appeal of Florida, Third District.
March 12, 2003.
Ira Pozen, Miami, for appellant.
Marcus & Marcus and Marc H. Cohen, Stuart, for appellee.
Before COPE, GODERICH and FLETCHER, JJ.
COPE, J.
Boonnuang P. Kalof, the former wife, appeals a final judgment of dissolution of marriage. We affirm the dissolution of marriage, but remand for a hearing on the wife's motion to set aside the marital settlement agreement.

I.
The former wife and the former husband, Gregory E. Kalof, reached a marital settlement agreement at a mediation in *366 April, 2001. In August 2001 successor counsel for the wife filed a motion to vacate the marital settlement agreement. She alleged duress and lack of disclosure of marital assets, among other things. For present purposes we assume, but do not decide, that the motion was legally sufficient. See Casto v. Casto, 508 So.2d 330 (Fla.1987); see also Macar v. Macar, 803 So.2d 707 (Fla.2001).
The trial court denied the motion as untimely. The court interpreted Florida Family Law Rule of Procedure 12.740(f)(1) as providing a ten-day time limit for the filing of the motion to vacate a mediated marital settlement agreement. Since the wife filed her motion four months after the signature of the mediated settlement agreement, the court denied the wife's motion as untimely.
The court entered judgment on the basis of the marital settlement agreement, and the wife has appealed.

II.
We conclude that the trial court misapprehended this part of Rule 12.740(f). The Rule provides in part:
(f) Report on Mediation.
(1) If agreement is reached as to any matter or issue, including legal or factual issues to be determined by the court, the agreement shall be reduced to writing, signed by the parties and their counsel, if any and if present, and submitted to the court unless the parties agree otherwise. By stipulation of the parties, the agreement may be electronically or stenographically recorded and made under oath or affirmed.... If counsel for any party is not present when the agreement is reached, the mediator shall cause to be mailed a copy of the agreement to counsel within 5 days. Counsel shall have 10 days from service of a copy of the agreement to serve a written objection on the mediator, unrepresented parties, and counsel. Absent a timely written objection, the agreement is presumed to be approved by counsel and shall be filed with the court by the mediator.
Fla. Fam. L.R.P. 12.740(f)(1) (emphasis added).
This rule is addressing the rarely-seen circumstance in which counsel for one of the parties leaves the mediation before the settlement agreement is ready for signature, but the client remains at the mediation to sign the settlement agreement when put in final form. Under this rule the client can proceed to sign the settlement agreement without having it reviewed by his or her counsel. The mediator then mails a copy of the agreement to absent counsel within five days. Absent counsel then has ten days in which to object, failing which the agreement is binding.
It is our impression that the scenario just outlined rarely occurs in practice. Ordinarily the lawyers remain with their clients through and including the signing of the mediated settlement agreement. However, if counsel is called away on an emergency or must depart where, for example, the mediation has run much longer than the scheduled time, Rule 12.740(f)(1) allows the client to sign the settlement agreement subject to review by counsel later.[1]
The former husband argues that this rule establishes a ten-day window within which anyone who was present at the mediation *367 can move to set it aside,[2] but that once ten days have elapsed, it cannot be set aside for any reason. As already stated, the former husband misreads the rule.
Once the mediated settlement agreement has been fully executed, the parties have entered into a binding contract like any other. The rule does not create a ten-day escape hatch during which anyone who signed the document may change his or her mind.
In the present case, the parties and counsel signed the mediated settlement agreement. They were bound to the contract at that time.
Under the case law, there is a limited set of circumstances in which a fully executed marital settlement agreement may be set aside. Casto; Macar. In this case, the wife has filed a motion based on that line of authority. As already stated, there is no ten-day time limit for filing such a motion. It follows that the wife's motion was timely filed. That being so, the wife was entitled to a hearing on her motion, and we remand for that purpose. We express no opinion on the merits thereof.
The former wife concedes that by making a motion to vacate the mediated marital settlement agreement, she has thereby waived the mediation privilege. See McKinlay v. McKinlay, 648 So.2d at 809-10.
We affirm the final judgment insofar as it dissolves the parties' marriage. We reverse the remainder of the judgment and remand for further proceedings consistent herewith.
Reversed and remanded.
NOTES
[1] This is merely an available option under the rule. Naturally the client and counsel would be well within their rights to insist that counsel review the document before the client signs.
[2] There was a similar misunderstanding of this rule in McKinlay v. McKinlay 648 So.2d 806, 808-09 (Fla. 1st DCA 1995), but in that case the misunderstanding was harmless. Since the request to set aside the mediated settlement agreement had been made within ten days, the McKinlay court considered the request to be timely and went on to address the merits of the wife's claim.